ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 20, 2009

Mr. Sidney "Buck" LaQuey
Grimes County Auditor
Post Office Box 510
Anderson, Texas 77830

Opinion No. GA-0745

Re: Whether a justice of the peace may defer the adjudication of a charge of violating the Parks and Wildlife Code and impose a special expense without assessing a fine and, if so, whether any portion of the special expense must be remitted to the Parks and Wildlife Department (RQ-0802-GA)

Dear Mr. LaQuey:

You write to suggest a possible conflict between article 45.051 of the Code of Criminal Procedure and section 12.107 of the Parks and Wildlife Code.[1] You indicate concern about complying with section 12.107 and ask whether a justice of the peace may defer the adjudication of a charge of violating the Parks and Wildlife Code and may impose a special expense without assessing a fine and, if so, whether any portion of the special expense must be remitted to the Parks and Wildlife Department (the "Department").[2]

Article 45.051 authorizes a justice of the peace to defer proceedings without entering an adjudication of guilt and to place a defendant on probation under specified circumstances. See TEX. CODE CRIM. PROC. ANN. art. 45.051(a) (Vernon Supp. 2009); see also id. art. 45.002 (Vernon 2006) (providing that "[c]riminal proceedings in the justice and municipal courts shall be conducted in accordance" with chapter 45). A justice of the peace, "[i]n issuing the order of deferral, . . . may impose a special expense fee on the defendant." TEX. CODE CRIM. PROC. ANN. art. 45.051(a) (Vernon Supp. 2009). Section 12.107 requires a "justice of the peace, clerk of any court, or any other officer of the state who receives a fine imposed by a court for a violation of this [Parks & Wildlife] code . . . [to] send the fine to the [D]epartment" in certain specified percentages. TEX. PARKS & WILD. CODE ANN. § 12.107 (Vernon 2002).

You suggest that section 12.107's requirement to send a fine to the Department precludes a justice of the peace from deferring proceedings under article 45.051 and imposing a special expense fully retained by the county. See Request Letter at 1–2 (citing Tex. Att'y Gen. Op. No. JM-526 (1986)). We address your query in two parts. First, we consider a justice of the peace's authority

---

[1]See Request Letter at 1–2 (May 26, 2009) (available at http://www.texasattorneygeneral.gov).

[2]See id.; Supplemental Request Letter at 1 (June 1, 2009) (available at http://www.texasattorneygeneral.gov).

to defer proceedings under article 45.051 when the charge is one of violating the Parks and Wildlife Code. Second, we consider issues with respect to the special expense.

As we examine article 45.051 and section 12.107, we are mindful that in construing statutes courts seek first to determine the Legislature's intent. *See Leland v. Brandel*, 257 S.W.3d 204, 206 (Tex. 2008). Courts look to the statute's plain language under the assumption that the Legislature meant what it said and that its words are the surest guide to its intent. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). Courts also seek to harmonize statutes when possible. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984).

Section 12.107 does not affirmatively require that a fine be imposed for a violation of the Parks and Wildlife Code. *See* TEX. PARKS & WILD. CODE ANN. § 12.107 (Vernon 2002). Nor does it expressly limit the jurisdiction of justice courts or prohibit a justice of the peace from exercising the authority in article 45.051 to defer proceedings. *See id.* Nothing in the plain language of section 12.107 indicates that the Legislature intended to preclude a justice of the peace from deferring proceedings under article 45.051. Moreover, article 45.051 applies to all misdemeanor cases punishable by fine only and does not except misdemeanor cases involving violations of the Parks and Wildlife Code. *See* TEX. CODE CRIM. PROC. ANN. art. 45.051(a) (Vernon Supp. 2009). The two provisions do not, as you suggest, conflict. Instead, they may be harmonized such that section 12.107 is understood to require that the specified percentage be sent to the Department in only those instances where a fine is actually imposed by a court. We therefore conclude that section 12.107 does not preclude a justice of the peace from exercising the authority in article 45.051 to defer proceedings of a charge of violating the Parks and Wildlife Code.

We next consider your questions involving the special expense. You suggest that subarticle 45.051(c)'s language "not to exceed the amount of the fine assessed" means that a "fine should be imposed in addition to the special expense." Request Letter at 2. The Eighty-first Legislature amended article 45.051 and removed the language giving rise to your concern. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 1121, § 2, 2009 Tex. Gen. Laws 3091, 3092 (codified as an amendment of TEX. CODE CRIM. PROC. ANN. art. 45.051). Article 45.051 now provides that "[i]n issuing the order of deferral, the judge may impose a special expense fee on the defendant in an amount not to exceed the amount of the fine that could be imposed on the defendant as punishment for the offense." TEX. CODE CRIM. PROC. ANN. art. 45.051(a) (Vernon Supp. 2009). The amended article 45.051 also provides that the "judge may elect not to impose the special expense fee for good cause shown by the defendant." *Id.* By contrast, the fine serves as the conviction and is imposed only when the defendant cannot show successful compliance with the article 45.051 conditions. *Id.* art. 45.051(d). We see nothing in the language of the amended article 45.051 that requires a fine to be imposed in addition to the special expense fee.[3]

---

[3]As a practical matter, if the judge orders a special expense fee as part of a probation but then ultimately imposes a fine because the defendant is not successful in complying with the imposed conditions, a defendant would not pay both amounts because "the judge shall require that the amount of the special expense fee be credited toward the payment of the amount of the fine." TEX. CODE CRIM. PROC. ANN. art. 45.051(a) (Vernon Supp. 2009).

With respect to whether any portion of a special expense fee must be sent to the Department, section 12.017 expressly requires only that a percentage of a "fine imposed by a court for a violation" of the Parks and Wildlife Code be sent to the Department. TEX. PARKS & WILD. CODE ANN. § 12.107(a) (Vernon 2002). It does not apply to all fees and costs that may be collected in a criminal proceeding. *See id.* Under article 45.051, a "special expense fee" is not a "fine." *Compare* TEX. CODE CRIM. PROC. ANN. art. 45.051(a), *with id.* art. 45.051(d) (Vernon Supp. 2009); *see also Guarantee Mut. Life Ins. Co. v. Harrison*, 358 S.W.2d 404, 406–07 (Tex. Civ. App.—Austin 1962, writ ref'd n.r.e.) (recognizing that when the Legislature uses different words, it is presumed to have intended different meanings). Moreover, unlike a fine, a special expense fee imposed under article 45.051 does not constitute a conviction for a violation of the Parks and Wildlife Code. *See* TEX. PARKS & WILD. CODE ANN. § 12.107(a) (Vernon 2002) (applying to a fine "imposed by a court for a violation of [the Parks and Wildlife] [C]ode"), TEX. CODE CRIM. PROC. ANN. art. 45.051(d) (Vernon Supp. 2009) (providing that an imposed fine constitutes a conviction). Accordingly, we conclude that the Legislature has not required that any portion of a special expense fee imposed under article 45.051(a) must be sent to the Department.

## S U M M A R Y

A justice of the peace may defer the adjudication of a charge of violating the Parks and Wildlife Code and impose a special expense fee without assessing a fine. A special expense fee imposed under article 45.051, Code of Criminal Procedure, is not a fine under section 12.107, Parks and Wildlife Code, that must be sent to the Parks and Wildlife Department.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee